UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mariana Pinheiro Costa Silva,
        Petitioner

v.                                          Case No. 26-cv-458-SM-AJ
                                            Opinion No. 2026 DNH 074

Superintendent, Strafford County
Department of Corrections, et al.,
        Respondents


**O R D E R**


Petitioner, Mariana Pinheiro Costa Silva, says she came to the United States in 2009, and is the subject of a pending I-130 Petition for Alien Relative filed on her behalf.  She also has a matter pending in probate or family court in Massachusetts.  ICE arrested Petitioner on her way to attend a hearing in that civil matter on June 2, 2026, causing her to miss the hearing.  She is presently in ICE custody in New Hampshire and was told she may be transferred out of state.  Petitioner seeks an order directing respondents to release her immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide her with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  She also seeks a writ of habeas

corpus ad prosequendum ordering Respondents to transport her to hearings in her pending civil proceeding in Massachusetts.

On June 3, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon her apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or her similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The federal respondents filed their response to the order to show cause on June 10, 2026, in which they say that petitioner overstayed her visa, is detained pursuant to 8 U.S.C. § 1226, and is eligible for a bond hearing before and immigration judge.  Indeed, a bond hearing is scheduled to take place on June 16, 2026.

## Conclusion

Petitioner has been granted a bond hearing, scheduled to take place on June 16, 2026.  Accordingly, her request for such relief is moot.  Consistent with prior orders of this court, at that hearing, the government will bear the burden to either: (1)

prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that she poses a danger to the community.  See Destino, 2025 WL 4010424 at *8. See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

To the extent petitioner seeks an order directing her immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect her rights at this stage.

Finally, for the reasons set forth in the government's response, a writ of habeas corpus ad prosequendum to allow petitioner to attend a civil matter in the Massachusetts probate court is not appropriate.  See generally United States v. Larkin, 978 F.2d 964, 968 (7th Cir. 1992) ("A prosequendum writ permits the government to remove a prisoner to the proper jurisdiction for prosecution, while a testificandum writ grants custody over a prisoner for the purpose of providing testimony before a grand jury, in a civil case, or in a criminal case involving other defendants.") (citations omitted).

The government shall file a status report on or before **Monday, June 22, 2026.**

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 15, 2026

cc:   Counsel of Record